UNITED LIFE INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.*

Docket No. 106059. Promulgated October 30, 1942.

*Walter E. Barton, Esq.,* for the petitioner.
*J. Marvin Kelley, Esq.,* for the respondent.

* Prior to October 22, 1942, this report was approved for promulgation.

OPINION.

LEECH: The principal issue is whether the reserves maintained by the petitioner are of the character required by sections 201 (a) and 203 (a) (2) of the Revenue Acts of 1934 and 1936, so that it may be taxed as a life insurance company. The Florida statute [1] which controlled the petitioner required it to set aside as a reserve an amount "not less than three percent of the gross collections from policyholders during the current year."

The petitioner contends that it complied with that provision and that this compliance is enough to bring it within the meaning of "reserves required by law" as used in the Federal revenue acts. Respondent argues that it is not sufficient and has computed its income under section 204 as insurance company other than a life or mutual.

We agree with the respondent. Reserves as used in the revenue acts have a technical meaning. Compliance with a state statute is not enough. See *Helvering* v. *Inter-Mountain Life Insurance Co.*, 294 U. S. 686; *Helvering* v. *Illinois Life Insurance Co.*, 299 U. S. 88. We think reserves as used in the statute mean actuarial reserves computed with reference to a standard table of mortality. *Independent Life & Accident Insurance Co.*, 47 B. T. A. 894; *Mothe Burial Benefit Life Insurance Co.* v. *Fontenot*, 46 Fed. Supp. 978. See *Commissiner* v. *Oregon Mutual Life Insurance Co.*, 112 Fed. (2d) 468; affd., *Helvering* v. *Oregon Mutual Life Insurance Co.*, 311 U. S. 267; *Commissioner* v. *Monarch Life Insurance Co.*, 114 Fed. (2d) 314;

---

[1] Sec. 6264. Compiled General Laws of Florida, 1927:

"Percentage for reserve.—On December 31, 1925, and annually thereafter, each association, corporation or company transacting the business of sick and funeral benefit insurance in this State, shall set aside as a reserve for the protection of all such policyholders, an amount not less than three percent of the gross collections from policyholders during the current year. Associations, corporations or companies organized under the laws of this State shall maintain with the Treasurer of Florida for the protection of all policyholders of this class an amount equal to said reserve * * *. The State Treasurer shall require life insurance companies to set aside such reserves on life and industrial business as shall be in accordance with any accepted and recognized standards, and shall require companies writing insurance against loss by fire and other hazards, fidelity and surety bonding and indemnity coverage, to set aside the unearned portion of premiums in force, computed according to the usual methods, for the protection of their policyholders. * * *"

*Continental Assurance Co. v. United States* (Ct. Cls.), 8 Fed. Supp. 474; *Old Line Insurance Co.*, 13 B. T. A. 758.

The petitioner then takes the position, raising the alternative issue, that, if it is not a life insurance company within the meaning of the revenue acts but is taxable under section 204 as an insurance company other than life or mutual, as respondent we think properly determined, then advance premiums received on outstanding policies during the respective taxable years and additions to reserves made in those years are deductible as "unearned" premiums in computing its "earned" premiums for such years. Section 204 (b)(5).[2] Respondent opposes this position generally, without giving reasons therefor.

Our finding of fact as to the amounts of advance premiums petitioner received in the taxable years, we think disposes of their deductibility. The advance premiums here are certainly "unearned" premiums. See *Massachusetts Protective Association* v. *United States*, 114 Fed. (2d) 304; *Travelers Equitable Insurance Co.*, 22 B. T. A. 784.

The petitioner increased its reserves in each year by an amount at least equal to 3 percent of its gross premiums collected in that year. This amount was added to such reserve of earlier years so that in any year the reserve aggregated an amount at least equal to 3 percent of gross premiums collected to and including those of the current year.

Respondent's argument opposing the deduction of the contested additions to reserves as "unearned" premiums is apparently limited to the position that these additions exceed the reserve required by the Florida statute in that each such annual addition was computed on the basis of the gross premiums collected in each of the several taxable years instead of upon the basis of the excess of the premiums collected in such years over those collected in the respective prior years. He argues, therefore, that their deduction as "unearned" premiums should be denied. The petitioner argues that the provisions of the state law are immaterial. Its contention is that the deductibility of the contested item under section 204 (b)(5), *supra*, depends upon whether, in fact, it was an unearned premium and that this item was such.

Generally, the premiums received on such policy contracts as are here involved, in each year by insurance companies, are more than

---

[2] SEC. 204. INSURANCE COMPANIES OTHER THAN LIFE OR MUTUAL.

(b) DEFINITION OF INCOME, ETC.—In the case of an insurance company subject to the tax imposed by this section—

&ast; &ast; &ast; &ast; &ast; &ast;

(5) PREMIUMS EARNED.—"Premiums earned on insurance contracts during the taxable year" means an amount computed as follows:

From the amount of gross premiums written on insurance contracts during the taxable year, deduct return premiums and premiums paid for reinsurance. To the result so obtained add unearned premiums on outstanding business at the end of the preceding taxable year and deduct unearned premiums on outstanding business at the end of the taxable year.

the actual cost of meeting the risks of those contracts and the expenses of the business, in that year. That surplus is set aside in a reserve account and helps to defray the costs of those risks in future years, increasing as the policyholders grow older. The amount of this reserve is ordinarily computed from mortality and other similar tables establishing the probable risks to the insurer as to the respective varying ages of its policyholders. Because this reserve is not used by the insurer in the tax year but is set aside for future years, it has been held to be "unearned premiums" within the meaning of section 204 (b) (5), *supra*. *Massachusetts Protective Association* v. *United States, supra; Travelers Equitable Insurance Co., supra.*

The reserve of petitioner performed the same functions as those computed upon such tables. The only difference is that the addition made by petitioner in each year was less in amount than it would have been if computed upon those tables. We think that difference is without significance here, and hold for petitioner on this issue. However, because of the fact that, in computing the taxable income of petitioner for the respective taxable years under section 204 (b)(5), we have already held that advance premiums received in each such year are deductible as "unearned premiums," the amounts of those premiums will be eliminated from the "gross premiums" upon which the additions to reserves at the end of such years are computed.

There is no merit in respondent's argument that the petitioner exceeded the requirements of the state law in pyramiding these additions to its reserve each year—if that point is material here. The Florida statute, *supra,* is concerned with annual additions to reserves and not the aggregate of those reserves.

*Decision will be entered under Rule 50.*